UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH RAETANO, Individually,

    Plaintiffs,

vs.                               Case No.

SKIPPER PALMS PLAZA LLC, a Florida
Limited Liability Company,

    Defendant.
_____/

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, JOSEPH RAETANO, Individually, and on behalf of all other mobility impaired individuals similarly-situated, (sometimes referred to as "Plaintiff" or "Plaintiffs"), hereby sue the Defendant, SKIPPER PALMS PLAZA LLC, a Florida Limited Liability Company, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff, JOSEPH RAETANO, is an individual residing in Clearwater in the County of Pinellas.

2. Defendant's property is a Winn Dixie Shopping Center, located at 2526 Bearss Avenue, Tampa, FL, in the County of Hillsborough.

3. Venue is properly located in the Middle District of Florida because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original

jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5. Plaintiff JOSEPH RAETANO is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Mr. Raetano is a quadriplegic and uses a power chair to ambulate. Joseph Raetano has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property, which substantially impaired his ability to access the premises. The barriers to access at the property have endangered his safety and have denied him the full and equal access to Defendant's property.

6. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as a Winn Dixie Shopping Center, and is located at 2526 Bearss Avenue, Tampa, FL. JOSEPH RAETANO has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 8 of this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. JOSEPH RAETANO desires to visit the Winn Dixie Shopping Center not only to avail himself of the goods and services available at the

property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

7. The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

8. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the Winn Dixie Shopping Center has shown that violations exist. These violations at the Winn Dixie Shopping Center that were experienced and observed by Joseph Raetano, include, but are not limited to:

**Parking**

1. There is not at least one accessible route provided within the boundary of the site's sidewalks, to an accessible building entrance, in violation of ADAAG 4.1.2.1.

2. The parking areas are not located on the shortest accessible routes in violation of ADAAG 4.7.11.

3. There is a change of level exceeding 1/4" from the side walk to the existing entrance in violation of ADAAG 4.5.2.

4. The curb ramps provided have slopes exceeding 1:12 maximum in violation of ADAAG 4.8.2

5. Curb Ramp Flared sides exceed 1:10 in violation of ADAAG 4.8

6. There are no accessible routes from the parking to the building entrance in violation of ADAAG 4.3.

### Entrance Access and Path of Travel

7. At the miscellaneous retail stores in the center, the counters have cash registers for sales or distribution of goods or services to the public, but there is not at least one of each type which has a portion of the counter which is at least 36 in length with a maximum height of 36 in above the finish floor in violation of ADAAG 7.3 .

### Access to Goods and Services

8. There are permanently designated interior and exterior spaces without proper signage in violation of Section 4.15 of the ADAAG.

9. There are restrooms for public use at the facility without the required disabled use elements, in violation of several Sections of the ADAAG.

8. The discriminatory violations described in paragraph 7 are not an exclusive list of the Defendant's ADA violations. Plaintiff require the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act. Defendant has discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations

of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

9. Plaintiff is without adequate remedy at law and are suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

10. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

11. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

12. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Winn Dixie Shopping Center to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully request:

    a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

    b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and

services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Date: 11/18/11

Respectfully Submitted,

John P. Fuller, Esquire
FBN 0276847
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 609
North Miami, FL 33181
Telephone: (305) 891-5199
Facsimile:  (305) 893-9505
JPF@fullerfuller.com

*Attorneys for Plaintiff JOSEPH RAETANO*

#4270-Skipper Palms Plaza Complaint Pkg. (cme-11-9-11).wpd